# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br>v.<br>Mauricio E. Solorzano-Cruz,<br>　　　　Defendant. | No.  4: 15-CR-1853-TUC-JAS<br><br>**ORDER** |

　　　　Pending before the Court is a Report and Recommendation from United States Magistrate Judge Jacqueline Rateau (Doc. 49) and Objections from the Government (Doc. 52) and the Defendant (Doc. 53).  That Report recommends denying the Motion to Dismiss Indictment (Doc. 33) filed by Defendant.  The parties do not object to the majority of the Report, and this Court adopts those unobjected-to portions.  28 U.S.C. § 636.  The Government objects to the Report's conclusion that the prior crime of conviction is not a crime of violence, while Defendant objects to the Report's conclusion that the prior crime of conviction is an aggravated felony offense because it falls under the generic definition of theft.  The Court reviews those portions of the Report *de novo*.  The Court finds that the Report correctly concluded the crime was not a crime of violence, but that the Texas theft statute criminalizes behavior outside the scope of the generic theft offense.  Therefore, Defendant's Motion to Dismiss Indictment is GRANTED.

1. Crime of violence

The Government argues that Defendant committed a crime of violence because the Information under which Defendant was charged indicates that he "intentionally, knowingly, and recklessly cause[d] bodily injury to [victim] by striking [victim] with a brick."[1]  However, as the Report correctly pointed out, a person can recklessly strike another – *i.e.*, by throwing a brick through a window with the intent to break the window without striking a person, but with reckless disregard of whether a person was inside. Because the Information does not specify the mens rea of the crime and includes reckless striking, the underlying crime is not a crime of violence.  *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006).

2. Aggravated Felony

The Report concluded that the underlying conviction was an aggravated felony constituting a proper basis of removal because it qualified as a generic theft offense pursuant to 8 U.S.C. § 1101(a)(43)(G).  To determine whether Defendant was convicted of a generic crime

> we employ the categorical approach. That is, we compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime.  The prior conviction qualifies as [the generic offense] only if the statute's elements are the same as, or narrower than, those of the generic offense.  A state offense qualifies as a generic offense—and therefore, in this case, as an aggravated felony—only if the full range of conduct covered by [the state statute] falls within the meaning of the generic offense.

*United States v. Alvarado-Pineda*, 774 F.3d 1198, 1202 (9th Cir. 2014).[2]  In the Ninth Circuit, the generic theft offense has four elements: (1) the taking of (2) property (3)

---

[1] The Court notes that it is considering the Information because the Report correctly concluded that the Texas statute at issue is divisible, and, therefore, applied the modified categorical approach.  *See United States v. Bustos-Ochoa*, 704 F.3d 1053, 1056-57 (9th Cir. 2012).

[2] Unless otherwise indicated, internal quotations and citations have been omitted throughout this Order.

without consent (4) with the intent to deprive the owner of rights and benefits of ownership. *Id.* The Texas theft statute under which Defendant was convicted states in relevant part that

> (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
> (b) Appropriation of property is unlawful if:
>     (1) it is without the owner's effective consent;
>     (2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or
>     (3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

Tex. Penal Code Ann. § 31.03. Therefore, if any subsection criminalizes behavior outside the scope of the generic federal theft offense, Defedant's conviction does not qualify as an aggravated felony. As an initial matter, subsection (b)(2) seems to fit squarely in the federal definition of stolen property, and Defendant does not argue otherwise.

The main point of argument concerns whether appropriating property "without the owner's *effective* consent" is coterminous with the Ninth Circuit's definition of "without consent." Texas defines effective consent as consent given by a person legally authorized to act for the owner, but specifically states that consent is not effective if it is: induced by deception or coercion; given by a person the actor knows is not legally authorized to act on the owner's behalf; given by a person who is unable to make reasonable property dispositions because of youth, mental disease or defect, or intoxication; given solely to detect commission of an offense; or given by a person whose advanced age and diminished capacity to make rational decisions are known by the actor. Tex. Penal Code Ann. § 31.01(3). For example, in at least one case, a Texas defendant was convicted under § 31.03(3) because she operated a pyramid scheme – taking $5,000 and promising a return of $20,000 contingent upon continued recruitment of other individuals. *King v.*

*State*, 174 S.W.3d 796, 811-12 (Tex. Crim. App. 2005). The $5,000 initial "gift" was given with consent, but that consent was not effective because the defendant deceptively promised an unrealistic return. *Id.*

The Ninth Circuit has held that similar statutory schemes do not fit within the generic federal definition of theft, and underlying convictions, therefore, do not qualify as aggravated felonies. The California theft statute, for example, has recently been confirmed as being overbroad – that is, it categorizes behavior outside the scope of the federal theft offense. *See Lopez-Valencia v. Lynch*, 798 F.3d 863, 868 (9th Cir. 2015) ("California's theft statute, however, expressly criminalizes certain conduct—such as theft of labor, false credit reporting, and theft by false pretenses—that do not satisfy the generic definition."). It appears that both the Texas theft statute and the California theft statute criminalize similar behavior: theft by deception in Texas, and theft by false pretenses in California. In both cases, a person can be convicted under the statute for behavior that would not be captured by the Ninth Circuit's interpretation of theft, *i.e.*, by deceptively inducing someone to give money while intending to appropriate ownership of that money. For that reason, the Texas statute (like the California statute) is overbroad, and therefore, Defendant's prior conviction does not count as a generic theft offense.

As the Report notes, this Order is at odds with a Fifth Circuit case that concluded the Texas theft offense was fully captured by the generic federal theft offense. *See United States v. Rodriguez-Salazar*, 768 F.3d 437 (5th Cir. 2014). However, where the Fifth Circuit appears to equate "consent" with "effective consent," the Ninth Circuit draws a distinction between the two. As such, Defendant's Motion to Dismiss Indictment (Doc. 33) is GRANTED.

Dated this 18th day of November, 2016.

Honorable James A. Soto
United States District Judge